# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN A. JONES,<br><br>         Plaintiff,<br><br>    v.<br><br>RACHEL POND, et al.,<br><br>         Defendants. | Case No. 1:23-cv-01489-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO PAY THE FILING FEE<br><br>ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>(ECF No. 4)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Robin A. Jones, proceeding *pro se*, filed this action on November 21, 2023. (ECF No. 1.) Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) On October 20, 2023, the Court denied the application to proceed *in forma pauperis* and ordered Plaintiff to file a long form application. (ECF No. 3.) On November 21, 2023, Plaintiff filed a long form application. (ECF No. 4.)

In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a

1    privilege and not a right.  Rowland v. California Men's Colony, Unit II Men's Advisory Council,
2    506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984)
3    ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of
4    *in forma pauperis* status does not violate the applicant's right to due process").  A plaintiff need
5    not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it
6    states that due to his poverty he is unable to pay the costs and still be able to provide himself and
7    his dependents with the necessities of life.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S.
8    331, 339 (1948).  Whether to grant or deny an application to proceed without prepayment of fees
9    is an exercise of the district court's discretion.  Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th
10   Cir. 2015).

11        In the long form application, Plaintiff first proffers that her average monthly income over
12   the past 12 months totals $7,501.80 from the following sources: (1) $3,405 from employment;
13   (2) $2,556.80 from retirement; and (3) $1,540 in disability.  (ECF No. 4 at 1-2.)  Plaintiff
14   proffers her expected income over the next 12 months contains no employment income because
15   she fell ill with COVID and associated illnesses in June of 2023.  (Id. at 5.)  Thus, Plaintiff
16   claims her expected income for the next 12 months is $4,096.80. (Id. at 1-2.)
17   Plaintiff claims to currently have $120.35 in one checking account; $433.23 in another checking
18   account; and $122.33 in a savings account, for a total of $675.91.  (Id. at 2.)

19        Plaintiff claims no dependents.  (Id. at 3.)  Plaintiff claims expenses in the amount of: (1)
20   $1,800 in rent; (2) $200.63 for utilities; (3) $250 for food; (4) $143 for medical and dental; (5)
21   $100 for transportation; (6) $43.08 for renter's insurance; (7) $64 for life insurance; (8) $338 for
22   health insurance; and (9) $168.31 for auto insurance; and (10) $250 for a credit card.  (Id. at 4.)
23   This totals $3,357.02 per month in claimed expenses.

24        The Court notes that Plaintiff's calculated total entered in the application is $3,696.85.
25   Therefore it appears the monthly expenses are $339.83 less than the Plaintiff's proffered total.
26   Plaintiff also claims the following assets: (1) a 2015 Ranger Rover Land Rover proffered to be
27   valued at $10,000; and (2) a 2001 Audi TT proffered to be valued at $6,000.  (Id. at 3.)

28        In assessing whether a certain income level meets the poverty threshold under Section

2

1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services.  See, e.g., Boulas v. U.S. Postal Serv., No. 1:18-cv-01163-LJO-BAM, 2018 WL 6615075, at *1 n.1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to deny IFP application); Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

Taking Plaintiff's proffer of no dependents, the 2023 Poverty Guidelines provide that the poverty guideline for the 48 contiguous states for a household of one is $14,580.  2023 Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited November 22, 2023).

Even considering Plaintiff's stated expected monthly income of $4,096.80 due to unemployment ($49,161.60 per year), the Court finds the information contained in the application is inconsistent with a finding of poverty based on such income, stated expenses, and stated assets.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* be DENIED and Plaintiff be ordered to pay the $402.00 filing fee for this action.

These findings and recommendations are submitted to the District Judge to be assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

/ / /

/ / /

IT IS FURTHER ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to a District Judge.

IT IS SO ORDERED.

Dated: __**November 22, 2023**__

_____
UNITED STATES MAGISTRATE JUDGE