**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBIN A. JONES,<br><br>             Plaintiff,<br><br>     v.<br><br>RACHEL POND, et al.,<br><br>             Defendants. | Case No.  1:23-cv-01489-JLT-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 8) |

**I.**

**BACKGROUND**

On November 22, 2023, the assigned magistrate judge issued findings and recommendations, recommending that Plaintiff's application to proceed *in forma pauperis* be denied.  (Doc. 6.)  The findings and recommendations were served on Plaintiff, which advised her that any objections were to be filed within 14 days of the service of the findings.  (*Id*. at 3.)  Plaintiff failed to file any objections, the findings and recommendations were adopted, and Plaintiff's application to proceed *in forma pauperis* was denied on December 12, 2023.  (Doc. 7.)  On December 12, 2023, Plaintiff filed "Objections to Magistrate Judge's Findings and Recommendations."  (Doc. 8.)

/////

/////

## II.

## DISCUSSION

### A.   *Plaintiff's Motion for Reconsideration*

Plaintiff's objections are untimely. The objections were to be filed no later than December 6, 2023. (*See* Doc. 6 at 3.) The objections were signed and dated December 12, 2023. The Court notes Plaintiff explains in her objections that she was unable go to courthouse to file the objections the week they were due because she had medical appointments. Given Plaintiff's express "request [for] the court's reconsideration of [her] financial situation" within her untimely objections, the Court will construe Plaintiff's objections to be a motion for reconsideration and consider them accordingly.

### B.   *The Applicable Legal Standards*

Pursuant to Rule 60(b), the Court may relieve a party from a final judgment or order "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks & citations omitted). Furthermore, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision. *U.S. v. Westlands Water Dist*., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks & citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

///

**C.     *Analysis of Plaintiff's Arguments***

Plaintiff maintains she is unable to pay the filing fee and "request[s] the court's reconsideration of [her] financial situation…." (Doc. 8 at 1.) Plaintiff explains she is "experiencing significant financial difficulties" and, while acknowledging her circumstances "may not strictly align with the poverty guidelines," she maintains it is infeasible for her to pay the filing fee. (*Id.*) Plaintiff updates the Court that she has an urgent need for physical therapy and has surgery scheduled. (*Id.* at 8.) However, Plaintiff fails to provide new or different specific expenses to supplement the calculations provided in her application to proceed *in forma pauperis*. Plaintiff also fails to assert that the Court committed clear error in adopting the magistrate judge's findings that the information contained in Plaintiff's application is inconsistent with a finding of poverty based on her expected monthly income of $4,096.90 and stated assets and expenses. (Doc. 6 at 3.)

Accordingly, Plaintiff's objections do not establish any mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). As stated, Plaintiff has not presented this Court with any newly discovered evidence of specific expenses that would necessitate or warrant reconsideration. Fed. R. Civ. P. 60(b)(2). There is no opposing party at this early stage of the case, so Rule 60(b)(3) regarding fraud, misrepresentation, or misconduct by an opposing party does not apply. Fed. R. Civ. P. 60(b)(3). And, because reconsideration here does not concern a judgment, but rather an order, neither (b)(4) nor (b)(5) of Rule 60 apply. Lastly, the Court does not find any circumstance that would justify relief from the order for any other reason. Fed. R. Civ. P. 60(b)(6).

Plaintiff's objections, construed as a motion for reconsideration, offer no facts or law that alter the Court's objective evaluation of Plaintiff's application to proceed *in forma pauperis* or the November 22, 2023 findings by the assigned magistrate judge, adopted in full by the undersigned on December 12, 2023.

/////

/////

/////

**III.**

**CONCLUSION AND ORDER**

Accordingly, Plaintiff's "Objections to Magistrate Judge's Findings and Recommendations" filed December 12, 2023 (Doc. 8), construed as motion for reconsideration, are **DENIED**.

IT IS SO ORDERED.

Dated:   **December 21, 2023**

UNITED STATES DISTRICT JUDGE